

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-2004

# O'Donnell v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4649

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"O'Donnell v. Comm Social Security" (2004). *2004 Decisions.* Paper 180.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/180

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4649
_____

VIRGINIA A. O'DONNELL

v.

COMMISSIONER SOCIAL SECURITY

VIRGINIA O'DONNELL, as
guardian of Keiran William O'Donnell,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 02-cv-01058)
District Judge:  Honorable James F. McClure, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2004

Before:  SCIRICA, *Chief Judge*, FISHER and GREENBERG, *Circuit Judges*.

(Filed        October 29, 2004                )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Virginia O'Donnell, on behalf of her minor son, Kieran ("Appellants"), seeks review of the district court's decision (dated November 14, 2003), which adopted a magistrate judge's recommendation (dated August 5, 2003), and affirmed the decision of the Commissioner of Social Security to deny the child's claim for supplemental security income (SSI) as a disabled child under Title XVI of the Social Security Act, 42 U.S.C. §§1381-1383(d). We affirm.

We apply the same standard of review as the district court, and review the ALJ's decision to determine whether it is based on substantial evidence. *Burnett v. Commissioner,* 220 F.3d 112, 118 (3d Cir. 2000). "Substantial evidence" has been defined as "more than a mere scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. *Id.* (internal citations omitted).

The ALJ, following the applicable three-step sequential evaluation set forth at 20 C.F.R. §416.924(a), determined first, that the child had not engaged in substantial gainful activity and second, that he had a combination of severe medical impairments (namely asthma, a seizure disorder and developmental delays). ALJ decision at 2. At the third step, however, the ALJ concluded that the combination of impairments, while severe, was not severe enough to (a) meet or medically equal any of the listed impairments, or (b) cause functional limitations that equaled any listed impairments based on the six functional domains used to assess functional equivalence. *Id.* at 3, 4. In making the determination as to medical equivalence, the ALJ determined that the medical evidence of

2

record did not document the specific findings required for any listed impairment. *Id.* at 3. In assessing functional equivalence, the ALJ determined that the child did not exhibit an "extreme" limitation in any of the six domains, a "marked" limitation in four of the domains (attending to and completing tasks; interacting and relating with others, moving about and manipulating objects, and ability to care for oneself), or any limitation in the remaining two domains (acquiring and using information, and health and physical well-being). *Id.* at 4. Accordingly, the ALJ concluded the child was not disabled under the Social Security Act and the Appeals Council denied review. As noted, the district court, on recommendation of a magistrate judge, affirmed the ALJ's decision.

Before this Court, Appellants contend (1) the district court erred in concluding the ALJ had fully explained his reasoning as to why the child's impairments did not meet or medically equal the asthma or seizure listings for children and adults when the ALJ failed to set forth the specific listings considered; (2) the district court exceeded its scope of review when it determined the child did not meet the asthma or seizure listings for either an adult or a child; and (3) the district court erred in concluding the ALJ's decision on functional equivalence was based on substantial evidence where the ALJ relied on the opinions of two non-examining physicians who, in opining that the child did not functionally equal any listings, did not have the benefit of a Comprehensive Evaluation Report prepared by the Intermediate Unit of the child's school district ("IU Report").

3

As to the first assignment of error, we agree with the district court (and the magistrate judge whose report was adopted) that the ALJ sufficiently explained his reasoning so as not to run afoul of this Court's requirement that an ALJ decision be explained in a manner sufficient to ensure "meaningful judicial review." *Burnett,* 220 F.3d at 119. In *Burnett*, the ALJ had set forth only a conclusion. Here, we have more than that. Although we would encourage ALJs to specifically identify the listed impairments under consideration, we are able to discern what they were based on the ALJ's discussion of the evidence, and related conclusion that the combined impairments were not severe enough to "meet or medically equal the requirements of *any* listed impairment." ALJ decision, at 3 (emphasis added).

As to the second assignment of error, we do not believe the district court actually made any factual findings in violation of its role under the Social Security Act. As noted, the ALJ determined that the child did not have an impairment that meets or exceeds *any* listed impairments. In response to Appellants' concern that the ALJ looked only to the adult listings, the district court merely rearranged the ALJ's factual findings in an effort to better explain why the ALJ concluded that the childrens' listings were not met. Order at 6. Although the district court used the phrase "the court finds," *id.* at 6, we do not understand it to have made independent factual findings.[1]

---

[1]The district court concluded that "[t]he lack of subsequent attacks [of asthma] disqualifies [the child] from meeting Listing 3.03 for adults or Listing 103.03 for children, as both require multiple attacks." Order at 6. While Appellant correctly points

As to the third assignment of error, we do not agree with Appellants that the ALJ's reliance upon reports from two non-examining physicians who themselves did not have the benefit of the UI Report, robs the ALJ's decision of a sound basis. Regardless of the physicians' access to the IU Report, it is clear that the ALJ considered the IU Report's contents (which addressed the child's developmental delays) alongside all other evidence of record in assessing the functional domains. *See* ALJ decision, at 4-5. That, we believe, was sufficient consideration of the IU Report.

In addition to reviewing Appellants' specific assignments of error, we have reviewed the administrative record in its entirety and conclude that the ALJ's decision to deny benefits is based on substantial evidence, and that the district court correctly affirmed.

out that Listings 3.03A (for adult asthma) and 103.03A (for children asthma) do not require multiple attacks, the district court's statement is at most harmless error, as this record would not support a determination that the child met either of those specific listings.